**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12093
Non-Argument Calendar
_____

VALERIE LOWERY,

*Plaintiff-Appellant,*

*versus*

JEFFERSON COUNTY RACING ASSOCIATION,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cv-01217-GMB
_____

Before BRASHER, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Valerie Lowery appeals the dismissal for failure to state a claim of her pro se complaint that alleged that the Jefferson County

Racing Association violated Title VII of the Civil Rights Act of 1964, breached the Americans with Disabilities Act, and retaliated against her under both laws. Lowery contends that she stated a claim under Title VII because she pleaded that the Association treated her worse than a similarly situated employee of a different race. She asserts that she stated a claim for retaliation because she pleaded that the Association moved her to a worse role after she argued with her supervisor. And she contends that whether the Association failed to accommodate her disability is an issue in her case. After careful review, we **AFFIRM** the district court.

**I.**

According to the operative pro se amended complaint, Lowery, who is Black, suffers from knee problems. The Association hired her to work in customer service. That role required her to stand up and walk around. A supervisor noticed that she limped, and the Association permitted her to work shifts in "player's awards" and in the "cash cage." Doc. 28 at 8. Those shifts allowed her to sit, and her cash cage role required her to balance accounts. She misbalanced her accounts three times over six months in the cash cage. She was "short" twice because she returned fewer dollars than the Association expected. *Id.* at 12. And she was "over" once because she returned more dollars than the Association expected. *Id.* at 10. After those three mistakes and a heated conversation with her manager, the Association moved her from the cash cage back to her role in customer service. This suit followed.

## II.

We review *de novo* the dismissal of Lowery's complaint for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to Lowery. *Adams v. Palm Beach County*, 94 F.4th 1334, 1337 (11th Cir. 2024) (citing *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 857 (11th Cir. 2023)). We limit our consideration to Lowery's amended complaint. *See id.* (citing *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Because Lowery is pro se, we construe her allegations liberally. *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency*, 949 F.3d 1302, 1304 (11th Cir. 2020) (citing *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2018)).

To state a claim, Lowery's complaint must contain a "short and plain statement" showing that she is entitled to relief. FED. R. CIV. P. 8(a)(2). That standard does not require "detailed factual allegations," but Lowery's complaint must offer more than "labels and conclusions" or "a formulaic recitation" of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It must contain enough facts, accepted as true, to allow us to reasonably infer that the Association is liable for discrimination or retaliation. *See id.* (citing *Twombly*, 550 U.S. at 556, 570).

### III.

We start with Lowery's argument that she pleaded a racial discrimination claim under Title VII by alleging that the Association treated a similarly situated white coworker better than her. Title VII prohibits employers from discriminating against an employee because of that employee's race. 42 U.S.C. § 2000e-2(a)(1). To state a race-discrimination claim under Title VII, Lowery must have alleged enough facts to suggest intentional racial discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Her complaint does not meet that standard.

Lowery asserts that her complaint stated a race discrimination claim because it alleged that the Association treated a white employee with unbalanced accounts in the cash cage better than it treated her. We disagree. According to her complaint, the Association permitted a white employee to stay in the cash cage after she was short until Lowery accused it of discrimination. But her complaint does not allege that the white employee was short more than once. And her complaint alleged that the Association did not move Lowery until she had been short twice and over once. So her complaint does not allege that the Association treated the white employee better than Lowery because it does not allege that she was short as often as Lowery when this employee retained her role.

## IV.

We turn to Lowery's argument that her complaint stated a claim that her supervisor retaliated against her for alleging discrimination. Title VII and the ADA contain anti-retaliation provisions that prohibit employers from discriminating against an employee because she opposed a practice disallowed by those laws. 42 U.S.C. §§ 2000e-3(a), 12203(a). To state a prima facie case of retaliation under either law, Lowery's complaint must allege: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and adverse action. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

Protected expression is causally linked to adverse action if retaliation "somehow figured into" the decision to take that action. *Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 998 (11th Cir. 2025) (citing *Rosado v. Sec'y, Dep't of the Navy*, 127 F.4th 858, 876 (11th Cir. 2025)). To make that showing, a complaint must include facts that let us reasonably infer that "the decisionmaker actually knew" about the protected expression when he decided to act. *Id.* (citing *Martin v. Fin. Asset Mgmt. Sys.*, 959 F.3d 1048, 1053 (11th Cir. 2020)). Lowery's complaint does not support that inference.

We cannot reasonably infer that Lowery's supervisor knew about her allegations of racial or disability discrimination when he decided to take the actions that she challenges. According to her complaint, her supervisor took those actions "[b]ecause of [their] conversation" about balancing her accounts. Doc. 28 at 9, 11. She

alleges that this conversation was "hostile" and included accusations that she stole money. *Id.* at 9–10. But she does not allege that it covered discrimination. Nor does she allege that she raised claims of discrimination to the Association before her supervisor's decisions. So her complaint does not include facts that allow us to reasonably infer that her supervisor knew about her claims of discrimination before he acted. Without those facts, it does not allege a causal link between her allegations of discrimination and her supervisor's decisions to move her and limit her shifts in seated roles. It thus does not state a claim of retaliation for her accusations of discrimination.

## V.

We now address Lowery's assertion that whether the Association failed to accommodate her disability is an issue in her case. We deem abandoned issues that appellants list in their statements of the issues but do not address in their briefs. *Cheffer v. Reno*, 55 F.3d 1517, 1519 n.1 (11th Cir. 1995); *see also Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (explaining that issues not briefed by pro se litigants are deemed abandoned). And appellants do not adequately address issues that they mention only in passing or that are unsupported by arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (citing *Walter Int'l Prods. Inc. v. Salinas*, 650 F.3d 1402, 1413 n.7 (11th Cir. 2011)).

Here, Lowery's "statement of the issues" includes whether the Association failed to grant her a reasonable accommodation for

her disability. But her argument section makes only a single passing reference to that failure to accommodate. And it does not make any arguments about that issue other than one conclusory assertion that she "presented evidence" "of discrimination, retaliation, and failure of accommodation." Doc. 8 at 19. Because Lowery did not develop her failure to accommodate claim in her brief, we deem that issue abandoned.

## VI.

The dismissal is **AFFIRMED**.